TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Arizona Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone:  (248) 353-2882
Facsimile:  (248) 353-4840

*Attorneys for Plaintiff,*
*Stephanie Roth*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephanie Roth,<br><br>        Plaintiff,<br><br>    vs.<br><br>Experian Information Solutions, Inc., an Ohio corporation,<br>Trans Union, LLC,<br>a Delaware limited liability company, and<br>First Premier Bank,<br>a foreign corporation,<br><br>        Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

NOW COMES THE PLAINTIFF, STEPHANIE ROTH, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681p., and 28 U.S.C. §§1331, 1337.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Queen Valley, Pinal County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian"), which is a Ohio corporation that maintains a registered agent in Maricopa County, Arizona;

   b. Trans Union, LLC ("Trans Union"), which is a Delaware company that maintains a registered agent in Maricopa County; Arizona; and

    c.  First Premier Bank, ("First Premier"), which, upon information and belief, is a foreign company that maintains its offices in South Dakota.

## GENERAL ALLEGATIONS

6. First Premier is reporting its trade line with account number 517800637867…. ("Errant Trade Line") with multiple charge-offs on Plaintiff's Experian and Trans Union credit files.

7. These multiple charge offs convey to any user or prospective of Mrs. Roth's credit reports that, not only did a charge off incur on a particular date, but for several months thereafter.  These repetitive charge off notations are far more punitive and misleading than informative.

8. These multiple charge offs are inaccurate in that they inaccurately reflect the account as having been charged off multiple times.

9. On or about September 25, 2015, Mrs. Roth obtained her Experian credit file and noticed the multiple charge-offs on the Errant Trade Line.

10. On or about November 16, 2015, Mrs. Roth submitted a letter to Experian, disputing the multiple charge offs on the Errant Trade Line.

11. Upon information and belief, Experian forwarded Mrs. Roth's dispute to Defendant First Premier.

12. On or about December 21, 2015, Mrs. Roth received Experian's investigation results, which showed that First Premier Bank retained the multiple charge offs on its Errant Trade Line.

13. On or about January 14, 2016, Mrs. Roth obtained her Trans Union credit file. She noticed that First Premier reported its trade line with account number 517800637867…. with multiple charge-offs.

14. On or about January 28, 2016, Mrs. Roth submitted a dispute letter to Trans Union, disputing the Errant Trade Line.

15. Upon information and belief, Trans Union transmitted Mrs. Roth's consumer dispute to First Premier.

16. On or about February 17, 2016, Mrs. Roth received Trans Union's investigation results. which showed that First Premier retained multiple charge-offs on the Errant Trade Line.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST PREMIER

17. Plaintiff re-alleges the above paragraphs as if recited verbatim.

18. After being informed by Experian and Trans Union of Mrs. Roth's consumer dispute regarding the Errant Trade Line, First Premier negligently failed to conduct a proper reinvestigation of Mrs. Roth's disputes as required by 15 USC 1681s-2(b).

4

19. First Premier negligently failed to review all relevant information available to it and provided by Experian and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Experian and Trans Union to remove the multiple charge-offs from the Errant Trade Line from Mrs. Roth's consumer credit reports.

20. The Errant Trade Line is inaccurate and creating a misleading impression on Mrs. Roth's consumer credit files with Experian and Trans Union to which it is reporting such trade line.

21. As a direct and proximate cause of First Premier's negligent failure to perform its duties under the FCRA, Mrs. Roth has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

22. First Premier is liable to Mrs. Roth by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with reasonable attorneys' fees pursuant to 15 USC 1681o.

23. Mrs. Roth has a private right of action to assert claims against First Premier arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against First Premier for damages, costs, interest, and attorneys' fees.

5

# COUNT II

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST PREMIER

24. Plaintiff re-alleges the above paragraphs as if recited verbatim.

25. After being informed by Experian and Trans Union that Mrs. Roth disputed the accuracy of the information it was providing, First Premier willfully failed to conduct a proper investigation of Mrs. Roth's dispute.

26. First Premier willfully failed to review all relevant information available to it and provided by Experian and Trans Union as required by 15 USC 1681s-2(b).

27. As a direct and proximate cause of First Premier's willful failure to perform its respective duties under the FCRA, Mrs. Roth has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

28. First Premier is liable to Mrs. Roth for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against First Premier for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

# COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

29. Plaintiff re-alleges the above paragraphs as if recited verbatim.

30. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Roth as that term is defined in 15 USC 1681a.

31. Such reports contained information about Mrs. Roth that was false, misleading, and inaccurate.

32. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mrs. Roth, in violation of 15 USC 1681e(b).

33. After receiving Mrs. Roth's consumer dispute to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

34. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mrs. Roth has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

35. Experian is liable to Mrs. Roth by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

7

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

36. Plaintiff re-alleges the above paragraphs as if recited verbatim.

37. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mrs. Roth as that term is defined in 15 USC 1681a.

38. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

39. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mrs. Roth, in violation of 15 USC 1681e(b).

40. After receiving Mrs. Roth's consumer dispute to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

41. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mrs. Roth has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

42. Experian is liable to Mrs. Roth by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

43. Plaintiff re-alleges the above paragraphs as if recited verbatim.

44. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Roth as that term is defined in 15 USC 1681a.

45. Such reports contained information about Mrs. Roth that was false, misleading, and inaccurate.

46. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mrs. Roth, in violation of 15 USC 1681e(b).

47. After receiving Mrs. Roth's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

48. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mrs. Roth has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

49. Trans Union is liable to Mrs. Roth by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

50. Plaintiff re-alleges the above paragraphs as if recited verbatim.

51. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mrs. Roth as that term is defined in 15 USC 1681a.

52. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

10

53. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mrs. Roth, in violation of 15 USC 1681e(b).

54. After receiving Mrs. Roth's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

55. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mrs. Roth has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

56. Trans Union is liable to Mrs. Roth by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: April 15, 2016

By: */s/   Trinette G. Kent*
Trinette G. Kent
Attorneys for Plaintiff,
Stephanie Roth